# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JONATAN VASQUEZ SARABIA,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Petitioner,　　　　　　)　　　　　　3:26-CV-01281-MJH
　　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
LEONARD ODDO, IN HIS OFFICIAL　　　)
CAPACITY AS WARDEN OF FEDERAL　　)
DETENTION CENTER IN　　　　　　　　)
PHILADELPHIA; TODD BLANCHE,
ATTORNEY GENERAL OF THE UNITED
STATES; MARKWAYNE MULLIN, IN
HIS OFFICIAL CAPACITY AS:
SECRETARY OF THE DEPARTMENT OF
HOMELAND SECURITY; DAVID
VENTURELLA, IN HIS OFFICIAL
CAPACITY AS ACTING DIRECTOR OF
IMMIGRATION AND CUSTOMS
ENFORCEMENT; JOHN RIFE, IN HIS
OFFICIAL CAPACITY AS ACTING FIELD
OFFICE DIRECTOR OF IMMIGRATIN
AND CUSTOMS ENFORCEMENT,
PHILADELPHIA AND PITTSBURGH;
AND  THE U.S. DEPARTMENT OF
HOMELAND SECURITY,

　　　　　　　　Respondents,

## ORDER

Petitioner's Motion for Temporary Restraining Order is DENIED. Petitioner seeks to enjoin removal proceedings from the United States. This Court lacks authority to grant the requested relief. Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). 8 U.S.C. § 1252(a)(1)(B)(ii)

1

provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security...." In *Khalil v. President, United States*, No. 25-2162, 2026 WL 111933, at *1 (3d Cir. Jan. 15, 2026), the Third Circuit held that the District Court lacks jurisdiction over any action or proceedings brought to remove an alien from the United States. Therefore, because the Court lacks jurisdiction to enjoin removal proceedings, Petitioner's TRO is DENIED.

While Petitioner's request for TRO is DENIED, the Court is left with a preliminary injunction relative to his detention under 8 U.S.C. § 1225/1226. This Court RESERVES JUDGMENT on the relief requested via a preliminary injunction. IT IS FURTHER ORDERED that Respondents shall respond to the same on the same date that they are required to answer the pending Habeas Petition.

BY THE COURT:

Marilyn J. Horan
United States District Judge

2